**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MEDICONE MEDICAL RESPONSE,**

**Plaintiff,**

**v.**                                                  **No. 11-CV-1067-DRH-PMF**

**THE MARION COUNTY EMERGENCY**
**TELEPHONE SYSTEM BOARD,**

**Defendant.**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**

**I. INTRODUCTION AND BACKGROUND**

Now before the Court is defendant's motion to dismiss the complaint (Doc. 8) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion by contending that it has made sufficient factual allegations to survive dismissal. For the following reasons, defendant's motion to dismiss is GRANTED in its entirety.

Plaintiff, who owns and operates an emergency and non-emergency ambulance service in Marion County, Illinois, alleges defendant violated its equal protection rights when defendant refused to include plaintiff as a participating ambulance service in defendant's 9-1-1 emergency telephone system (Doc. 2). Since August of 2010, plaintiff claims it has requested that defendant include plaintiff as a participant in order for plaintiff to receive calls for emergency ambulance service. Defendant has

continuously refused to do so, which plaintiff contends has led to its loss of income. Plaintiff alleges defendant has irrationally singled plaintiff out for unfair treatment, as plaintiff is the only licensed, private ambulance service in Marion County that cannot participate in defendant's system. This, plaintiff claims, is a violation of its Fourteenth Amendment equal protection right. Plaintiff and defendant agree that this claim is premised on a class-of-one theory.

Plaintiff further alleges that defendant's conduct constitutes the tort of interference with prospective economic advantage (Doc. 2 p. 4) and that defendant's policy, pursuant to which the decision to exclude plaintiff was made, is void as defendant did not have authority to implement it (Doc. 2 p. 8).

Plaintiff filed its first complaint on December 7, 2011 (Doc. 2). Defendant filed its motion to dismiss (Doc. 8) and memorandum in support (Doc. 9) on February 6, 2012, arguing that plaintiff's claims require dismissal since they fail to state causes of action. Plaintiff filed a response to defendant's motion to dismiss (Doc. 15) on March 12, 2012, rebutting defendant's arguments, and defendant filed its reply (Doc. 17) on March 23, 2012.

## II. LAW AND APPLICATION

### A.   PLEADING STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The Supreme Court has established that, in addition to providing

notice, a complaint must "state a claim to relief that is plausible on its face," and factual allegations within a complaint must "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955 (2007). Further, mere conclusory statements and recital of the elements of a cause of action are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

## B.   EQUAL PROTECTION CLAIM

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall... deny to any persons within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Although the Equal Protection Clause is traditionally understood as protecting members of vulnerable groups from unequal treatment attributable to the state, it also proscribes state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called "class of one." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010).

A plaintiff states a class-of-one equal protection claim by alleging that she has been intentionally treated differently from others similarly situated with no rational basis for the difference in treatment. *Id.* at 942 (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000)).

### 1.   Application

Plaintiff alleges its exclusion from defendant's 9-1-1 system while other similarly situated private ambulance services are included in the system "is

irrational, and is motivated by purposes which include personal animus and a desire to protect the profitability of the other private ambulance services" in Marion County (Doc. 2, p. 3).

### a.    Similarly Situated

At issue is whether plaintiff has alleged sufficient facts to demonstrate plaintiff and the other private ambulance services in Marion County that are included in defendant's system are similarly situated. To be considered similarly situated, a plaintiff and those alleged to have been treated more favorably must be identical or directly comparable in all material respects. *LaBella*, 628 F.3d at 942. While the "similarly situated" analysis is not a "precise formula," the Seventh Circuit has repeated that "similarly situated individuals must be very similar indeed." *Id.* (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004)). Dismissal at the pleading stage is appropriate where the plaintiff fails to allege facts tending to show that it was similarly situated to any one of its comparators. *See LaBella*, 628 F.3d at 942. Moreover, the "similarly situated" requirement is critical to a class-of-one equal protection claim since the purpose of entertaining such a claim "is not to constitutionalize all tort law." *See McDonald*, 371 F.3d at 1009.

This case turns on the meaning of "all material respects." In plaintiff's response to defendant's motion to dismiss, plaintiff claims it did allege sufficient facts to establish it was similarly situated to the other ambulance companies, for plaintiff asserted they were all private companies, were all licensed by the Illinois Department of Public Health, all had a presence in Marion County, and all had equal ability to

provide emergency ambulance service in the county (Doc. 15). However, defendant contends its decision was pursuant to defendant's policy by which it may preclude a company from serving as a participating agency for a period of three years (Doc. 9 p. 4). Thus, defendant argues the relevant materiality inquiry requires plaintiff to allege facts to establish how long the other service providers have been in business since the length of time that plaintiff has been in business in Marion County is material to the issue of whether it is entitled to participating agency status (Doc. 9 p. 4; Doc. 17 p. 4). Because plaintiff has not been in business for three years, defendant argues, it is not similarly situated to the comparator companies (Doc. 17 p. 4).

The Seventh Circuit's *LaBella* case is directly on point. In *LaBella*, the court held the plaintiff restaurant failed to state a class-of-one equal protection claim since it failed to sufficiently allege that it was similarly situated to the other restaurants being used as comparators. *LaBella*, 628 F.3d at 942-43. The building out of which LaBella operated sustained fire damage causing LaBella and other restaurants within the building to close. *Id.* at 940. The other restaurants were then allowed to reopen while defendant Village of Winnetka refused to allow LaBella to do so until its roof was replaced. *Id.* LaBella brought a class-of-one equal protection claim against the Village, asserting that the Village discriminated against LaBella while favoring the other restaurants. *Id.* at 940-41. The Seventh Circuit, however, found that LaBella failed to plead facts suggesting it was similarly situated to the other restaurants. *Id.* at 943. LaBella was refused the ability to reopen due to the extent of its fire damage and the work to be done on its restaurant, and thus those factors were material to the

Village's determination regarding which restaurants could reopen. *Id.* at 942. Since LaBella failed to allege facts suggesting the other restaurants had the same amount of fire damage and the same amount of work to be done, LaBella did not allege that it and the other restaurants were identical or comparable in all material respects. *Id.* Therefore, the Seventh Circuit affirmed the district court's dismissal of the class-of-one claim. *Id.* at 943.

Here, plaintiff's class-of-one claim also fails because it neglects to allege sufficient facts showing it was similarly situated to the other private ambulance systems that were allowed by defendant to participate in its system. The material characteristics in the defendant's reopening decision in *LaBella* were the amount of fire damage and work to be completed in each restaurant; here, the material characteristics in defendant's decision as to which ambulance services should be allowed to participate in its system are the experience level and reputation of the services. Plaintiff fails here to allege sufficient facts indicating it is comparable or identical to the other ambulance services regarding these material characteristics. Just as LaBella failed to plead facts establishing the other restaurants suffered the same amount of fire damage and had the same amount of repair work to be done, plaintiff does not provide any facts supportive of the notion that any of the other ambulance services held the same level of experience and reputation as plaintiff. As experience and reputation are material to defendant's decision whether to allow ambulance services to participate in its system, plaintiff must have pleaded facts showing other services of the same experience level and reputation were allowed to

participate while plaintiff was not. Since plaintiff failed to do so, it has failed to allege that it was similarly situated to the other ambulance services in all material respects.

b.      **Rational Basis**

The second prong of the class-of-one claim requires the plaintiff to allege facts demonstrating the disputed decision was irrational. *See LaBella*, 628 F.3d at 942. The Seventh Circuit has explained that allegations of animus do not overcome the presumption of rationality, for animosity is not necessarily inconsistent with a rational basis. *Flying J, Inc. v. City of New Haven*, 549 F.3d 538, 547 & n.2 (7th Cir. 2008). It is only when the court can hypothesize no rational basis for the action that allegations of animus come into play. *Id.* at 547.

In its complaint, plaintiff alleged that the defendant's decision to exclude plaintiff from its system was motivated by "personal animus and a desire to protect the profitability of other private ambulance services" (Doc. 2 p. 3). However, plaintiff failed to provide facts establishing the defendant's decision was irrational other than by asserting animosity, and plaintiff appears to concede this in its response to defendant's motion to dismiss (stating merely that "[t]here is nothing within the allegations of Count I of the Complaint which would raise any reasonable inference, or even speculative possibility, that the action of the Defendant in denying Plaintiff access to 9-1-1 calls was anything other than irrational") (Doc. 15 p. 4). Thus, plaintiff seems to argue that the decision was irrational simply because there was nothing to support that it was rational. On the other hand, defendant claims its policy allowing defendant to preclude a company from serving as a participating service for three

years is entirely rational, for defendant has an interest in ensuring its ambulance services are experienced and reputable before allowing them to receive 9-1-1 calls (Doc. 9, p. 5). This in itself, claims defendant, is a rational basis for excluding plaintiff, who has only been in business less than a year and a half. In response, plaintiff argues that since defendant's policy was invalid under Illinois law, the decision made pursuant to that policy was *ultra vires* and therefore irrational (Doc. 15 pp. 4, 9).

As explained below, defendant's policy allowing it to exclude ambulance services for a period of three years is not void under Illinois law, as plaintiff asserts, and therefore its actions were not *ultra vires*. Further, defendants have provided rational bases for their decision and the policy under which it was made: ensuring that a service has a proven track record of safe and effective services, along with sufficient experience and familiarity with the county. Thus, not only was defendant's policy lawful, the reasons for implementing and abiding by that policy are rational. Lastly, since allegations of animus only come into play when there can be hypothesized no rational basis for the action, plaintiff's allegations of animus will not be considered.

### i.      Defendant's policy is lawful.

Plaintiff alleges that defendant's policy is invalid because defendant does not have the power to regulate and restrict ambulance activity. The Court rejects this argument.

It is well established in Illinois that administrative agencies possess only those

powers which are expressly granted to them by statute, together with those powers which may be *necessarily implied therefrom* to effectuate the powers which have been granted. *Granite City Div. of Nat'l Steel Co. v. Illinois Pollution Control Bd.*, 155 Ill. 2d 149, 171 (1993); *Cnty. of Whiteside v. Prop. Tax Appeal Bd.*, 276 Ill. App. 3d 182, 188 (1993) (appeal denied, 166 Ill. 2d 556 (1996)) (emphasis added).

The Emergency Telephone System Act ("the Act") indicates that the powers and duties of an Emergency Telephone System Board ("ETSB") must include planning a 9-1-1 system; coordinating and supervising the implementation, upgrading, or maintenance of the system; and hiring any staff necessary for the implementation or upgrade of the system. 50 ILCS 750/15.4. Further, the Act mandates that every system include ambulance services, and private ambulance services may be incorporated. 50 ILCS 750/4. Section 15.4 of the Act also provides that counties may prescribe, by ordinance, additional powers and duties for their ETSBs. *Id.*; *see also* 1996 Ill. Att'y Gen. Op. 027 (1996). Section 5/5-1053(a) of the Counties Code provides: "It is declared as a matter of public policy: (1) That, in order to preserve, protect and promote the public health, safety and general welfare, adequate and continuing emergency ambulance service should be available to citizens of Illinois; (2) That, insofar as it is economically feasible, emergency ambulance service may be provided by private enterprise or units of local government." 55 ILCS 5/5-1053(a). Sections (b) and (c) of the Code indicate that a County Board may pass an ordinance regarding the provision of an ambulance service and discuss the board's powers if it chooses to do so. As no such ordinance has been passed, sections (b) and (c) are

irrelevant here.

Together, the Act and section 5/5-1053(a) of the Counties Code suggest an ETSB does have power to determine whether to contract with particular private ambulance services. The Act expressly states that ETSBs have the power to coordinate a "9-1-1 system" (defined as "the geographic area that has been granted an order of authority by the Commission to use '9-1-1' as the primary emergency telephone number" 50 ILCS 750/2.19) and that each system must include ambulance services, which may include private ambulance services. This in itself is enough to infer that an ETSB may contract with private ambulance services. Moreover, the Counties Code reiterates that private ambulance services may be incorporated and admonishes that adequate ambulance services should, as a matter of public policy, be provided. Thus, it is implied that in order to ensure that emergency ambulance services are adequate, an ETSB is free to contract with only the private ambulance services it sees fit to participate in its system.

Therefore, defendant's policy, which allows defendant to preclude a private ambulance service form participating in defendant's system for three years, is not unlawful.

> **ii.    Plaintiff fails otherwise to plead sufficient facts supporting its argument that defendant's actions were irrational.**

Plaintiff's argument that there is nothing in the complaint that would "raise any reasonable inference, or even speculative possibility, that the action of the Defendant" "was anything other than irrational" (Doc. 15 p. 4) is insufficient to survive a motion

to dismiss. Under *Twombly* and *Iqbal*, the plaintiff must provide some factual basis to raise such "reasonable inference" and "speculative possibility" that defendant's actions were *irrational*; it is a misunderstanding of this standard for the plaintiff to argue, as it does here, that there is nothing it has alleged to meet the plausibility standard that defendant's actions were *rational*, and therefore defendant's action must be irrational. Apart from its argument that defendant's policy was unlawful, which the Court has rejected, and its argument that defendant was motivated by animus, plaintiff fails to allege any facts supporting its assertion that defendant's decision to exclude it was irrational.

Defendant, however, provides several rational bases for both its policy that allows it to exclude private ambulance services for three years and its decision to exclude plaintiff. The policy helps defendant to ensure only competent ambulance services participate in its emergency system. By implementing a three-year time period for excluding private ambulance services, defendant ensures that each service has a record of safe and effective services, a good reputation, sufficient experience, and familiarity with Marion County. As plaintiff was not even in business for a year and a half when it first filed its complaint, plaintiff was rationally excluded from defendant's system. Plaintiff could reasonably be found to lack the experience necessary to guarantee it was a safe, effective, and reputable service.

As for plaintiff's allegations of animosity, the court must be able to hypothesize *no* rational basis for the defendant's conduct before allowing such allegations to come into play. *See Flying J, Inc.*, 549 F.3d at 547. Defendant's proffered reasons go well

beyond what is necessary to meet this standard to keep out plaintiff's animosity argument. Thus, the Court will not even consider plaintiff's contention that defendant's actions were irrational because they were motivated by animus.

### 2.    Conclusion

The Court finds plaintiff has failed to plead sufficient facts supportive of either prong of the class-of-one claim. That claim is therefore dismissed.

### C.    CLAIM FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

The Supreme Court of Illinois indicated that to state a claim for tortious interference with prospective economic advantage, a plaintiff must allege the following elements: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 508 (7th Cir. 2007) (citing *Voyles v. Sandia Mortg. Corp.*, 196 Ill.2d 288 (2001)).

Plaintiff utterly fails to allege any facts supportive of the first two elements. Perhaps the Court is to assume that since plaintiff replaced at its location an ambulance service that was included in defendant's system and since plaintiff is the only licensed, private ambulance service in Marion County that is excluded by defendant (Doc. 2 pp. 4-6), that plaintiff reasonably expected entering into a valid business relationship with defendant. However, plaintiff does not allege that it held

such an expectancy. Further, the Court finds merit in defendant's argument that even if plaintiff did hold such expectations, those expectations were unreasonable since plaintiff knew of defendant's policy, which allowed it to exclude private ambulance services for three years (Doc. 9 p. 6). Plaintiff rebuts this argument simply by claiming the policy is invalid (Doc. 15 p. 5). Not only is this incorrect (see above), but it is also insufficient to meet plaintiff's burden of providing sufficient facts to support an allegation that it reasonably expected to enter into business with defendant. Moreover, nowhere in its complaint or its response to defendant's motion to dismiss does plaintiff allege defendant knew of its expectancy to enter into a business relationship. Plaintiff merely claims that defendant denied its requests to participate in the 9-1-1 system (Doc. 2, p.5). This is not the same as alleging sufficient facts to establish that defendant had knowledge of the expectancy.

Regarding the third element of the claim, plaintiff leaves the Court to assume plaintiff means to allege defendant's supposedly unlawful policy and its supposedly animosity-driven decision to exclude plaintiff caused the termination of plaintiff's expectation. Even if plaintiff had stated this in so many words, such allegations are insufficient to meet the plausibility standard required by the Supreme Court. Plaintiff includes in its complaint the defendant's policy, which states specifically that defendant "may restrict for a period of 3 years" a private ambulance service from participating in its system "based on the well being of the Citizens of Marion County" (Doc. 2 p. 8). Defendant's reasons for implementing such a policy can be found within the policy itself (to protect the "well being" of the citizens), and by including this

language in its complaint, it appears plaintiff had knowledge of this reasoning. The reasoning behind defendant's policy and plaintiff's claim that defendant was motivated by animus in excluding plaintiff are insufficient to cause the Court to speculate that defendant's actions were unjustified in light of this policy, as required by the third element of the claim.

Plaintiff does allege that it has lost income as a result of defendant's conduct, but plaintiff's failure to sufficiently plead the other three elements of the claim requires this Court to find that plaintiff has not stated a claim for interference with prospective economic advantage. Since the Court so finds, defendant's arguments that it is immune from suit will not be addressed.

**D.      CLAIM FOR DECLARATORY JUDGMENT**

In Count III of its complaint, plaintiff asks the Court to declare invalid defendant's policy which allows it to restrict "participating agency status" of a private ambulance service for three years. Since defendant allegedly had no authority to restrict a private ambulance service from receiving calls through defendant's 9-1-1 system, plaintiff claims the policy is *ultra vires*. This argument has been disposed of above, and the Court thus rejects it. Therefore, plaintiff's claim for declaratory judgment is dismissed.

## III. <u>CONCLUSION</u>

For the foregoing reasons, this Court **GRANTS** defendant's motion to dismiss (Doc. 8).  The Court **DISMISSES with prejudice** plaintiff's cause of action.  Further,

the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

   **IT IS SO ORDERED.**

   Signed this 13th day of September, 2012.

David R.
Herndon
2012.09.13
06:21:58 -05'00'

**Chief Judge**
**United States District Court**