**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**MedicOne Medical Response, Inc.**

      **Plaintiff,**

**v.**                                         **Case No. 11-cv-1067-DRH**

**The Marion County Emergency**
**Telephone System Board,**

      **Defendant.**


**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**

**I. Introduction and Background**

Now before the Court is plaintiff's motion to alter or amend the judgment of this Court, which granted defendant's motion to dismiss all three counts of plaintiff's complaint (Doc. 22). Based on the following, the Court denies the motion.

Plaintiff MedicOne Medical Response ("MedicOne"), which is an emergency and non-emergency ambulance service in Marion County, Illinois, alleges that defendant Marion County Emergency Telephone System Board ("the Board") violated its equal protection rights when defendant refused to include plaintiff as a participating ambulance service in defendant's 9-1-1 emergency telephone system (the "system"). In repeatedly denying MedicOne's requests to participate in the system, the Board,

MedicOne alleges, has irrationally singled out MedicOne for unfair treatment because MedicOne is the only licensed, private ambulance service in Marion County that cannot participate in the system.

Further, in Count II, MedicOne alleges that the Board's conduct constitutes tortious interference with prospective economic advantage. The third and final count of MedicOne's complaint seeks declaratory judgment that the Board's policy of precluding an agency from participation in the system for a period of three years, pursuant to which the Board has denied MedicOne's request to participate in the system, is beyond the authority of the Board and thus void.

MedicOne filed its complaint on December 7, 2011 (Doc. 2). The Board filed its motion to dismiss on February 6, 2012 (Doc. 8), and MedicOne filed its response on March 12, 2012 (Doc. 15). On September 13, 2012, this Court granted the Board's motion to dismiss, ruling that MedicOne failed to plead sufficient facts to support each count contained in its complaint (Doc. 18). The case was dismissed with prejudice (Doc. 19). On October 10, 2012, MedicOne moved for this Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e), requesting leave to file an amended complaint with respect to Counts I and II and requesting that the Court reconsider its judgment with respect to Count III (Doc. 22). For the reasons stated below, MedicOne's motion is denied.

## II. <u>Pleading Standard</u>

### a. Leave to Amend

After a final judgment, a plaintiff may amend a complaint only with leave of court after a motion pursuant to Rule 59(e) has been made and the judgment has been vacated or set aside. *Figgie Intern Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992). Leave to amend is proper when justice so requires; however, it is inappropriate where there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . or futility of the amendment." *Villa v. Chicago*, 924 F.3d 629, 632 (7th Cir. 1991).

A motion for leave to amend may be denied where there is no good cause shown as to why amendment was not sought before scheduling deadlines and where new allegations in proposed amendments would require additional discovery, thus unduly burdening opposing party. *See Carrol v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Whether to grant or deny leave to amend is within the district court's discretion. *Id.*

### b. Reconsideration

A Rule 59(e) motion requesting reconsideration may only be granted if there has been a mistake of law or fact or new evidence has been

discovered that is material and could not have been discovered previously. *Figgie Intern Inc.*, 966 F.2d at 1180. Reconsideration based on newly discovered evidence requires a showing that the new evidence could not have been discovered and produced with reasonable diligence during the pendency of the motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270-71 (7th Cir. 1996), *quoting Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963). "Belated factual or legal attacks are viewed with great suspicion . . . ." *Caisse Nationale*, 90 F.3d at 1271. Ultimately, then, motions for reconsideration serve the limited function to correct manifest errors of law or fact or present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985), *quoting Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D.Ill 1982). A Rule 59(e) motion shall not afford a plaintiff the opportunity for a "second bite at the apple." *In re BNT Terminals, Inc.*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990).

### III. <u>Analysis</u>

**a. Leave to Amend Count I**

Plaintiff moves the Court for leave to amend its complaint with respect to Count I. Count I states an equal protection claim, alleging a class-of-one theory grounded on allegations that it has been denied participation in the Board's 9-1-1 system while other similarly situated private

ambulance services have been included in the system. Plaintiff contends its exclusion is "irrational, and is motivated by purposes which include personal animus and a desire to protect the profitability of the other private ambulance services" in Marion County (Doc. 2, p. 3).

The Court has previously found plaintiff's argument unavailing. To successfully allege a class-of-one equal protection claim, a plaintiff must plead facts that show she has been intentionally treated differently from others similarly situated with no rational basis for the difference in treatment. *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This Court found that plaintiff failed to show it was similarly situated with those services that were included in the Board's system, concluding that plaintiff failed to allege facts supporting that it is comparable or identical to the other ambulance services with respect to its experience level and reputation of its services within Marion County (Doc. 18, p. 6). Additionally, the Court held that the Board's decision to exclude plaintiff from its system rested on the rational basis of ensuring that an ambulance service has a proven track record of safe and effective services and sufficient experience and familiarity with the county (Doc. 18, p. 8). Accordingly, the Court granted defendant's motion to dismiss this Count.

Plaintiff moves this Court for leave to amend with respect to Count I. (Doc. 22, p. 2). Plaintiff's motion for leave to amend simply argues that the proposed amended complaint cures the pleading deficiencies initially

pointed out by this Court. This argument is wholly constituted by one conclusory statement to that effect.

In this Court's order dismissing plaintiff's complaint, the Court concluded that plaintiff's complaint failed in part because plaintiff failed to allege facts indicating that it is similarly situated in material respects with the participating services in the 9-1-1 system. Specifically, this Court held that "[a]s experience and reputation [in Marion County] are material to defendant's decision whether to allow ambulance services to participate in its system, plaintiff must have pleaded facts showing other services of the same experience level and reputation were allowed to participate while plaintiff was not" (Doc. 18, pp. 6-7).

In its proposed amended complaint, plaintiff adduces various allegations purporting to show that it is similarly situated with the participating services with respect to the material characteristics previously referenced by the Court. The general thrust of the allegations purport to show that:

> (c) Plaintiff and said other ambulance services have comparable and sufficient experience in that Plaintiff has been in business since the year 2006 and has operated in Marion County and other counties since that time while based in an adjacent county;
> (d) Plaintiff has a reputation for competence in the area of emergency ambulance service at least equal to the reputations of said other ambulance services. . . .

(Plnt. Prop. Amend. Complaint, p. 3).   The specific factual allegations that follow speak to the competence of plaintiff's personnel, its training methods, its equipment, its state licenses, and its profitability.

The amended allegations fail to cure the deficiencies previously noted by the Court. To be considered similarly situated, a plaintiff must be identical or directly comparable in all material respects to those alleged to have been treated more favorably. *Labella Winnetka, Inc. v. Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010). Plaintiff asserts that it has "operated" in Marion County since 2006, though concedes it has only been based in Marion County since August of 2010. Because plaintiff's requests to participate in the Board's system were made — and subsequently denied — once plaintiff had moved its base of operations into Marion County, the essential comparison to be made in this case is that of plaintiff's services within Marion County, since they have been based in Marion County, and the other services participating in the Board's system. Thus, the fact that plaintiff may have operated in Marion County since 2006 is immaterial. Even assuming, *arguendo*, that plaintiff's operations in Marion County from 2006 to August of 2010 are relevant, plaintiff has failed to plead any specific facts regarding the extent or quality of its operations *within* Marion County as compared to the services that do participate in the Board's system. Additionally, plaintiff fails to allege any facts regarding its comparators' bases of operation or how long they have been operating

within Marion County. Thus, plaintiff's proposed amended complaint still fails to show that it is similarly situated with those alleged to be treated more favorably, i.e. the ambulance services participating in the Board's system.

Further, plaintiff's proposed amended complaint does not cure the deficiencies with respect to the rational basis prong of its class-of-one equal protection claim. In its order dismissing plaintiff's complaint, this Court noted that plaintiff had failed to "provide facts establishing that defendant's decision was irrational other than by asserting animosity" (Doc. 18, p. 7). The proposed amended complaint similarly fails. Plaintiff asserts that defendant's decision is "unreasonable, arbitrary, capricious, and irrational," presumably because of its alleged superiority in equipment, training, and personnel used with respect to the other services in Marion County (Plnt. Prop. Amend. Complaint, ¶ 9(f)). However, despite listing its various competencies in the field of emergency ambulance service, plaintiff has failed to negate any reasonably conceivable state of facts that could provide a rational basis for defendant's decision in this case, as is required for such a claim to withstand a motion to dismiss. *See Flying J, Inc. v. New Haven*, 549 F.3d 538, 546 (7th Cir. 2008). As previously stated by the Court, defendant's policy allowing it to preclude a service from participating in its system for a period of three years is "entirely rational, for defendant has an interest in ensuring its ambulance services are experienced and

reputable" within Marion County (Doc. 18, p. 8). Nothing in plaintiff's proposed amended complaint successfully rebuts this conclusion. The fact remains that plaintiff had only been in business while based in Marion County for less than a year and a half at the time plaintiff's complaint was filed. Since allegations of animus only come into play when there can be no hypothesized rational basis for defendant's conduct, such allegations will again not be considered. *Flying J*, 549 F.3d at 546.   Thus, plaintiff's proposed amended complaint fails to cure the deficiencies previously noted by the Court.

Also, plaintiff's motion for leave to amend comes nearly five months after the scheduling deadline by which pleading amendments were to be filed. It has been held reasonable for a district court to deny leave to amend when there is lack of good cause for missing such deadlines. *Carrol*, 658 F.3d at 684. Plaintiff had known since defendant's motion to dismiss, filed February 6, 2012, that defendant took issue with the sufficiency of plaintiff's allegations. Moreover, plaintiff fails to aver any reason why its motion for leave to amend has come so long after the scheduling deadline and after final judgment had been made. The allegations added in plaintiff's proposed amended complaint — which include statements about the equipment, training, and personnel used in plaintiff's operations — were clearly known by plaintiff at the time its complaint was filed. In sum, these

facts tend to show that plaintiff's motion for leave to amend is merely an attempt to take a prohibited second bite at the apple.

Since plaintiff's proposed amended complaint fails to cure the initial complaint's deficiencies, the amendment would be futile in this case. Moreover, plaintiff's motion for leave to amend comes after the scheduling deadline without a showing of good cause that would excuse the delay. For these reasons, the Court denies plaintiff's motion for leave to amend with respect to Count I.

**b. Leave to Amend Count II**

Plaintiff also moves this Court for leave to amend its complaint with respect to Count II. Count II is a state tort claim for interference with prospective economic advantage. To state such a claim in Illinois, a plaintiff must allege the following elements: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Borsellino v. Goldman Sachs Grp., Inc.,* 477 F.3d 502, 508 (7th Cir. 2007) (*citing Voyles v. Sandia Mortg. Corp.,*, 196 Ill.2d 288 (2001)).

In its order dismissing all counts of plaintiff's complaint, the Court concluded that plaintiff had failed to sufficiently allege facts supporting the first three elements of interference with prospective economic advantage.

Though plaintiff has added numerous allegations to its proposed amended complaint, such amendments similarly fail.

Responding to this Court's dismissal of Count II, plaintiff adds to its allegations that it had a reasonable expectancy of entering into business with defendant because of its existence in Marion County and the various competencies of plaintiff's operations. However, plaintiff alleges nothing to rebut the Court's conclusion that such expectancy was unreasonable because plaintiff knew of defendant's policy that allowed it to exclude ambulance services for three years. Further, plaintiff's proposed amended complaint alleges that defendant knew of this expectancy because of plaintiff's requests to participate in the 9-1-1 system. However, the fact that plaintiff fails on the first element — i.e. showing it had a reasonable expectancy — makes whether defendant knew of the purported expectancy a moot point. Further, the mere hope of entering into a business relationship, regardless of qualifications, is not enough to support the tort in issue here. *See Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503 (7th Cir. 1998) (*citing Anderson v. Vanden Dorpel*, 172 Ill.2d 399 (1996)).

Additionally, the failure to move for leave to amend before the scheduling deadlines without good cause is just as problematic here as it was for Count I. All the factual allegations added in the proposed amended complaint were clearly known by plaintiff at the time of filing of the original complaint.

Plaintiff has failed to cure the deficiencies of its original complaint with respect to Count II. Therefore, amendment in this case would be futile. Additionally, plaintiff's motion for leave to amend comes with undue delay. Thus, plaintiff's motion for leave to amend with respect to Count II is denied.

### c. Reconsideration of Count III

Count III of plaintiff's complaint asks the Court to declare invalid the Board's policy that allows it to restrict "participating agency status" of a private ambulance service for three years. Plaintiff argues that the Board has no statutory authority to regulate private ambulance services or restrict them from participating in its 9-1-1 system, and thus the policy in question is *ultra vires* and unlawful. The Court has previously rejected this argument, concluding that the Emergency Telephone System Act and section 5/5-1053(a) of the Counties Code (55 ILCS 5/5-1053(a)) together authorize the Board to promulgate such a policy (Doc. 18, pp. 8-10). Plaintiff moves this Court to reconsider, contending that the Court "erred as a matter of law in several respects, and overlooked the arguments and authority cited by the Plaintiff. . . ." (Doc. 22, p. 3).

In Illinois, administrative agencies possess only those powers that are expressly granted to them by statute, together with those powers that may be necessarily implied therefrom to effectuate the powers that have been granted. *Granite City Div. of Nat'l Steel Co. v. Illinois Pollution Control*

12

*Bd.*, 155 Ill.2d 149, 171 (1993). Statutory grants of power to local governmental units are to be strictly construed against the governmental entity and are not to be enlarged by liberal statutory construction. *Lutheran Soc. Serv. Of Illinois v. Henry County*, 124 Ill.App.3d 753, 754 (Ill. App. Ct. 1984). Still, a governmental unit may exercise the powers indispensable to carry into effect the object and purpose of its creation. *Moy v. County of Cook*, 244 Ill.App.3d 1034, 1038 (Ill. App. Ct. 1993).

This Court has previously ruled that the Emergency Telephone System Act ("the Act") authorizes defendant to promulgate the policy in question (Doc. 18, pp. 8-10). In relevant part, the Act states:

> (b) . . . The powers and duties [of the Emergency Telephone System Board] shall include, but need not be limited to the following:
> (1) Planning a 9-1-1 system.
> (2) Coordinating and supervising the implementation, upgrading, or maintenance of the system . . .
> (5) Hiring any staff necessary for the implementation or upgrade of the system.

50 ILCS 750/15.4. Further, the Act mandates that every system include ambulance services and that private ambulance services may be incorporated. 50 ILCS 750/4. Plaintiff now contends that these portions of the Act only empower defendant to "provide communications equipment necessary to make '9-1-1' the primary emergency telephone number in Marion County" (Doc. 22, p. 11). This argument rests on the premise that the Act defines "system" as "the communications equipment required to

produce a response by the appropriate emergency public safety agency as a result of an emergency call being placed to 9-1-1." 50 ILCS 750/2.06(a). Since "system" is so defined, plaintiff argues, Section 750/15.4 does not authorize defendant's policy regarding private ambulance services. However, this argument ignores § 4 of the Act, which states: "Every *system* shall include police, firefighting, and *emergency medical and ambulance services* . . . . The *system* may incorporate private ambulance service." 50 ILCS 750/4 (emphasis added). Not only does this language indicate that emergency ambulance services shall be included within "every system," it explicitly allows the inclusion of private ambulance services. Together with § 15.4's authorization of the Board to plan, coordinate, and hire staff in furtherance of the system's implementation, the statutory language leaves no doubt that defendant has the lawful discretion to promulgate the policy in question.

Plaintiff also takes issue with this Court's reading of § 5/5-1053(a) of the Counties Code. 55 ILCS 5/5-1053(a). Previously, the Court ruled that the Counties Code reiterates that private ambulance services may be incorporated and admonishes that adequate ambulance services should be provided as a matter of public policy (Doc. 18, p. 10). The Court concluded that § 5/5-1053(a) authorizes defendant to contract only with those private ambulance services it rationally sees fit to participate in its system. *Id.* Plaintiff now contends, as it did in its response to defendant's motion to

dismiss, that the Counties Code only authorizes Marion County to make such decisions when the County has passed an ordinance regarding ambulance services (Doc. 22, p. 9). Since Marion County has not passed any such ordinance, plaintiff argues, defendant has no authorization for the policy in question. However, the language in the Counties Code on which plaintiff seizes merely indicates that a County Board may pass an ordinance regarding the provision of an ambulance service and discuss the board's powers if it chooses to do so. As previously noted in the order dismissing plaintiff's complaint, this Court sees nothing in that language of the Counties Code that prohibits defendant from implementing such a policy.

The Court finds has been no manifest error of law or fact that would justify reconsideration with respect to Count III. Therefore, the Court denies plaintiff's motion for reconsideration with respect to that count.

## IV. <u>Conclusion</u>

For the foregoing reasons, this Court **DENIES** plaintiff's motion to alter or amend judgment (Doc. 22).

**IT IS SO ORDERED.**

Signed this 24th day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.24
10:00:01 -05'00'

**Chief Judge**
**United States District Court**

15